# UNPUBLISHED

## UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

### No. 16-4415

UNITED STATES OF AMERICA,

    Plaintiff – Appellee,

  v.

JOSE NUNEZ-GARCIA, a/k/a Jose Nunez, a/k/a Jose Garcia Nunez,

    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Anthony J. Trenga, District Judge. (1:16-cr-00039-AJT-1)

Submitted: March 30, 2017         Decided: April 18, 2017

Before WYNN, FLOYD, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Patrick L. Bryant, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Frances H. Pratt, Assistant Federal Public Defender, Alexandria, Virginia, for Appellant. Dana J. Boente, United States Attorney, Raizza Ty, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Nunez-Garcia appeals his conviction following a bench trial for unlawful procurement of naturalization in violation of 18 U.S.C. § 1425(a) (2012). Nunez-Garcia asserts that the evidence was insufficient to support his conviction. Finding no error, we affirm.

This court reviews the denial of a Rule 29 motion de novo. *United States v. Hickman*, 626 F.3d 756, 762 (4th Cir. 2010). In evaluating sufficiency claims, we consider whether, in the view most favorable to the government, there is substantial evidence to support the conviction. *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). Substantial evidence is that which a reasonable fact finder could accept as adequate and sufficient to support the finding of guilt beyond a reasonable doubt. *Id.* A defendant bringing a sufficiency claim bears "a heavy burden," which is only met in "the rare case where the prosecution's failure is clear." *United States v. Ashley*, 606 F.3d 135, 138 (4th Cir. 2010) (citations and internal quotation marks omitted).

A defendant commits the crime of unlawful procurement of naturalization if he "knowingly procures or attempts to procure, contrary to law, the naturalization of any person, or documentary or other evidence of naturalization or of citizenship." 18 U.S.C. § 1425(a). Thus to be found guilty of this offense, the government must prove that the defendant's conduct violated at least one other law applicable to naturalization, including, but not limited to, 18 U.S.C. § 1015(a) (2012). Under that section, a defendant commits the crime of false statement in a naturalization matter if he "knowingly makes any false statement under oath, in any case, proceeding, or matter relating to, or under, or by virtue

2

of any law of the United States relating to naturalization, citizenship, or registry of aliens." 18 U.S.C. § 1015(a).

Nunez-Garcia contends that the government's case was insufficient because it failed to prove that he knowingly committed naturalization fraud by making false statements. We have thoroughly reviewed the record and Nunez-Garcia's various challenges to the district court's findings, and conclude that the evidence amply supports his conviction. Accordingly, finding Nunez-Garcia's contentions to be meritless, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*